### DUTCH WOMACK v. THE STATE.

No. 2469.   Decided May 21, 1913.

**Local Option—Conflict of Evidence—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, although conflicting, there was no reversible error.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the liquor law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted for illegally selling intoxicating liquors in Johnson County on August 1, 1912, after an election and putting the prohibition law in force in Johnson County in April, 1904. He was convicted and his penalty was fixed at the lowest for a misdemeanor.

The only question raised is by motion for new trial that the verdict of the jury is contrary to the law and the evidence. The party to whom the sale is alleged to have been made swore positively that he bought a half pint of whisky from appellant and paid him therefor. Prohibition was admitted to be in force in Johnson County since April 19, 1904. The appellant swore that he did not sell the whisky to the witness as testified by him. It was a question of veracity between the two. The

jury believed the State's witness and did not believe appellant. The jury were the exclusive judges of this.

The judgment is affirmed.

*Affirmed.*